UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

RONALD PRUITT,

                                 Plaintiff,

        -against-

CITY OF NEW YORK, et al.,

                                Defendants.

**ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS**

15-4534 (MKB) (SMG)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

        Defendants, City of New York, Captain Norman Grandstaff, Sergeant Denny Inirio, Police Officer Terrence Smith, and Sergeant Johnny Wong, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to plaintiff's complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit only that plaintiff purports to bring this action as stated therein.

        2.    Deny the allegation set forth in paragraph "2" of the complaint and further state that the allegations concerning "under color of state law" are legal conclusions to which no response is required.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit only that plaintiff purports to seek relief as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit only that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        5.    Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit only that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

9. Deny the allegations set forth in paragraph "9" of the complaint, except state that William J. Bratton is the Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except state that Norman Grandstaff is employed by the City as a police officer and that plaintiff purports to sue him as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except state that Police Officers Terrence Smith and Sergeant Johnny Wong are employed as police officers, and that plaintiff purports to sue them as stated therein.

12. Deny the allegation set forth in paragraph "12" of the complaint and further state that the allegations concerning "under color of state law" are legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except state that, upon information and belief, Lotin Sherer and Jetro Wholesale were the victims of a robbery committed on October 24, 2014.

14. Deny the allegations set forth in paragraph "14" of the complaint, except state that after the robbery, and upon information and belief, Lotin Sherer got into a police vehicle with Johnny Wong and Terrence Smith.

15. Deny the allegations set forth in paragraph "15" of the complaint, except state that plaintiff and Abasie Brabam were inside a vehicle that was stopped by police.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was charged with robbery in the second degree.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "18" of the complaint, except state that plaintiff was arraigned.

19. Deny the allegations set forth in paragraph "19" of the complaint, and refer the Court to the certificate of disposition of the criminal case for a complete statement of the resolution of the criminal charges.

20. Deny the allegation set forth in paragraph "20" of the complaint, except state that evidence was vouchered.

21. Deny the allegations set forth in paragraph "21" of the complaint, and refer the Court to the invoice for a complete statement of its contents.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except state that plaintiff filed a purported complaint with the CCRB.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that Sergeant Denny Inirio interviewed plaintiff.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint and its individual subparts "a" through "e."

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Paragraph "39" of the complaint is a legal conclusion to which no response is required. If a response is required, however, paragraph "39" of the complaint is denied.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "48" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "50" of the complaint, except state that plaintiff was not indicted.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

## FIRST AFFIRMATIVE DEFENSE:

62. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

63. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of defendants, the City of New York, Captain Norman Grandstaff, Sergeant Denny Inirio, Police Officer Terrence Smith, and/or Sergeant Johnny Wong.

## THIRD AFFIRMATIVE DEFENSE:

64. Plaintiff provoked any incident.

**FOURTH AFFIRMATIVE DEFENSE:**

65. Defendants City of New York, Captain Norman Grandstaff, Sergeant Denny Inirio, Police Officer Terrence Smith, and Sergeant Johnny Wong have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FIFTH AFFIRMATIVE DEFENSE:**

66. There was probable cause for plaintiff's arrest, detention, and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

67. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**SEVENTH AFFIRMATIVE DEFENSE:**

68. Punitive damages cannot be assessed against defendant City of New York.

**EIGHTH AFFIRMATIVE DEFENSE:**

69. Plaintiff has failed to mitigate his alleged damages.

**NINTH AFFIRMATIVE DEFENSE:**

70. Defendants, Captain Norman Grandstaff, Sergeant Denny Inirio, Police Officer Terrence Smith, and Sergeant Johnny Wong have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**TENTH AFFIRMATIVE DEFENSE:**

71. At all times relevant to the acts alleged in the complaint, defendants Captain Norman Grandstaff, Sergeant Denny Inirio, Police Officer Terrence Smith, and Sergeant Johnny Wong acted reasonably and within the proper and lawful exercise of their discretion.

**WHEREFORE**, defendants, the City of New York Captain, Captain Norman Grandstaff, Sergeant Denny Inirio, Police Officer Terrence Smith, and Sergeant Johnny Wong request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          December 4, 2015

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York and Captain Norman Grandstaff, Sergeant Denny Inirio, Police Officer Terrence Smith, and Sergeant Johnny Wong*
100 Church Street, Room 3-132
New York, New York 10007
(212) 356-2336

By:    _____/s/_____
       JORGE M. MARQUEZ
       Assistant Corporation Counsel

TO:    VIA ECF
       S. Kenneth F. Jones, Esq
       The Bozeman Law Firm PLLC
       6 Gramatan Ave., #5
       Mt. Vernon, N.Y. 10550
       E-mail: skfjesq@gmail.com

8

Index No. 15 CV. 4534 (MKB) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONALD PRUITT

                        Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                        Defendants.

**ANSWER**

*ZACAHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants the City of New York and and Captain Norman Grandstaff, Sergeant Denny Inirio, Police Officer Terrence Smith, and Sergeant Johnny Wong*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Jorge Marquez*
*Tel:  (212) 356-2336*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................, 2015......*

*............................................................................ Esq.*

*Attorney for....................................................................*

9