UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RONALD PRUITT,

                              Plaintiff,        15-CV-4534
                                                (MKB) (SMG)

    -against-

                                                       **AMENDED COMPLAINT**

THE CITY OF NEW YORK,
POLICE OFFICER WILDOR SAINTVAL,                    **JURY TRIAL DEMANDED**
POLICE OFFICER TERRENCE SMITH,
SGT. JOHNNY WONG, AND JOHN DOE ##1-6,

                              Defendants.
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the 4th and 14th Amendments to the United States Constitution.

2. The claim arises from an incident on October 24, 2014 in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, <u>inter alia</u>, false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the 4th and 14th Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New

York in that Defendant police officers work in said district, the underlying arrest was effectuated in said district and the City of New York is located within the boundaries of said district.

## PARTIES

6. Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

7. The City of New York ("the City") is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Terrence Smith Tax I.D. # 943828, Police Office Wildor Saintval Tax I.D. # 946209, Sgt. Johnny Wong Tax Id # 937753, and John Doe ##1-6 ("the officers") are members of the NYPD, and are sued in their individual and official capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

10. On October 24, 2014 at approximately 4:26 pm, in the vicinity of 1010 Foster Avenue, in Brooklyn, one Lotin Sherer was robbed of $5,000.00 from the Jetro Wholesale lockbox at closing time.

11. On October 24, 2014 at approximately 4:31pm, Lotin Sherer was in a Radio Motor Patrol car ("RMP") on a canvas with Police Officer Terrence Smith looking for the two men that had just robbed him.

12. On October 24, 2014 at approximately 4:55pm Ronald Pruitt was stopped while driving a black 2001 Toyota Avalon. Abasie Brabam was in the passenger seat. Both men

were placed in a show up identification procedure whereby they were viewed by Lotin Sherer from the RMP.

13. Lotin Sherer did not identify Ronald Pruitt or his passenger but stated to each of the individual defendants that the faces of the men who robbed him looked different. He went on to say that one had a hat and the other had braided hair in the car that was stopped, unlike the perpetrators. However Ronald Pruitt was searched anyway and $2269.61 was recovered, but no lock box.

14. Lotin Sherer specifically told Defendants Wong, Smith, and Saintval that he did not recognize the Plaintiff as one of the men who had robbed him.

15. The Defendants were each aware that Mr. Sherer did not identify Mr. Pruitt as a perpetrator.

16. On October 24, 2014 at 5:05pm, in spite of his not being identified, Ronald Pruitt was arrested and charged with Robbery in the Second Degree.

17. Pruitt never resisted arrest, attempted to flee, or acted in any way to otherwise justify the officers' actions.

18. On October 25, 2014 Ronald Pruitt was arraigned. He was charged with robbery, grand larceny, possession of stolen property, assault, menacing and harassment. Bail was set at $35,000.00 cash or bond. Pruitt was scheduled to testify before the Grand Jury on October 30, 2014. He was unable to post bail.

19. On October 29, 2014 the case against Ronald Pruitt was dismissed and sealed, pre-indictment, in Kings County Supreme Court Part AP1 F before Hon. Sciarrino, J. and he was released from custody.

20. On October 30, 2014 at 3:38pm the money recovered and Pruitt's car was vouchered as

arrest evidence by Police Officer Smith. He correctly invoiced the car as belonging to Pruitt on Invoice # 3000444170, but incorrectly listed Jetro Wholesale as "owner" of the money on Invoice # 3000446029.

21. On October 30, 2014 at 5:14pm the incorrect invoice was approved by Sgt. Johnny Wong at the 69th Precinct.

22. On October 31, 2014 at 12:08pm the Kings County District Attorney's Office issued Pruitt a District Attorney's Release, because the case against him had been dismissed, stating that the money vouchered on Invoice # 3000446029 was no longer needed as evidence by the Office of the District Attorney. He was told by the District Attorney's Property Clerk Cassandra Allen that the typical way to recover his property was to take the release and the invoice to the 69th Precinct and present them, whereupon his property should be released in the normal course of business.

23. On November 1, 2014 Pruitt went to the 69th Precinct and presented the invoice and release. Sgt. Johnny Wong explained to him that the property had been incorrectly invoiced and that Police Officer Smith would have to correct it before the money would be released to him. He was told that Police Officer Smith was unavailable at that time however and that he should return to speak with him.

24. Between November 1st and November 12th Pruitt returned to the precinct at least three times when he was told Police Officer Smith was on duty, yet Police Officer Smith was never available. He filed Complaint # 201412597 with the Civilian Complaint Review Board ("CCRB") alleging the misappropriation of funds. The CCRB referred the complaint to the NYPD Internal Affairs Bureau, in the regular course of business.

25. On November 14, 2014 representatives from Jetro Wholesale appeared before the

District Attorney's Property Clerk with Invoice # 3000446029 and obtained a District Attorney's Release for the money.

26. On November 15, 2014 representatives from Jetro Wholesale presented the invoice and release at the 69th Precinct whereupon the money was released to them.

27. Between November 15th and December 3rd Pruitt returned to the precinct at least two times when he was told Police Officer Smith was on duty, yet Police Officer Smith was never available.

28. On December 4, 2014 Pruitt went again to the 69th Precinct. This time he went with his Aunt, Deborah Pruitt, who carried a camera and voice recorder in her purse that had been supplied by ABC 7 Television News. Sgt. Johnny Wong is seen on the footage rudely responding to their polite inquiries and telling them that the property had already been released to Jetro Wholesale.

29. On December 24, 2014 IAB Sgt. Inirio (badge #2109, Group 34) went to plaintiff's home to interview him regarding the CCRB complaint. He told Pruitt "obviously a mistake within the Department" had been made. He told him to withdraw his complaint and he would get his money back. Pruitt refused to sign off without advice of counsel and gave Sgt. Inirio his attorney's information. Pruitt's attorney was never contacted.

30. On January 8, 2015 New York City Council Member Inez Baron's Office (Vincent Verdree) contacted the Kings County District Attorney's Office and spoke to Supervisor Kevin Aulbach on plaintiff's behalf and asked why his money was not being released to him. The District Attorney's Office Supervisor responded that they had released the property as per the voucher and there was nothing more for them to do.

31. On January 15, 2015 New York City Council Member Inez Baron's Office (Vincent

5

Verdree) contacted the New York City Police Department Legal Bureau and spoke to Lt. Albino on plaintiff's behalf and asked why his money was not being released to him. The Lieutenant responded that plaintiff would have to proceed via Article 78 to get his money back.

32. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of his person and property,

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution,

   c. Physical pain and suffering,

   d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, lost wages and medical expenses,

   e. Attorney's and court fees.

**FIRST CLAIM FOR RELIEF FOR**
**FALSE ARREST UNDER 42 U.S.C. § 1983**
4th Amendment Violation)

33. Paragraphs one through 32 are here incorporated by reference.

34. Defendants intended to confine plaintiff by arresting him without a positive identification after a show up procedure had been conducted with the victim.

35. Plaintiff was conscious of the confinement as he could not pay $35,000.00 bail in order to be released.

6

36. Plaintiff did not consent to the confinement as he refused to plead guilty.

37. The confinement was not otherwise privileged as there was no probable cause to arrest because the victim never identified Pruitt, or his passenger, as the perpetrators.

38. In fact, the victim told police in certain terms that plaintiff did not look like either of the people who robbed him.

39. There is no presumption of probable cause to arrest plaintiff because the Grand Jury did not indict him.

40. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983.

42. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Hundred Fifty Thousand ($150,000.00) Dollars.

43. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

44. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION
## UNDER 42 U.S.C. § 1983

45. Plaintiff, RONALD PRUITT, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

46. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

47. Defendants did not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

50. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

51. Defendants acted with malice in initiating criminal proceedings against plaintiff.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

53. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

54. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

55. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

56. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints

without probable cause.

## THIRD CLAIM FOR RELIEF FOR DENIAL OF FAIR TRIAL, FABRICATION OF EVIDENCE, AND DENIAL OF DUE PROCESS UNDER 42 U.S.C. § 1983

57. Plaintiff RONALD PRUITT repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

58. The Defendants fabricated evidence to bring about the felony charges against plaintiff.

59. The Defendants made false statements against plaintiff in order to secure his criminal charges and provided these statements to the district attorney's office.

60. As a result of the fabrication of evidence and denial of fair trial by the Defendants, plaintiff was subjected to pretrial confinement and restrictions associated with the grant of his bail, and was forced to remain incarcerated before his charges were dismissed.

## FOURTH CLAIM FOR RELIEF VIOLATION OF THE 14TH AMENDMENT

61. Paragraphs one through 42 are here incorporated by reference.

62. Defendants began and continued a criminal prosecution against plaintiff.

63. Police Officer Smith, Police Officer Saintval, and Sgt. Johnny Wong commenced criminal proceedings against plaintiff due to a wrong or improper motive, something other than a desire to see the ends of justice served in this case because there was never an identification of Pruitt as the perpetrator. He was arrested without probable cause: his car and money seized. He was charged with Robbery in the Second Degree.

64. Defendant's actions were malicious because Police Officer Smith intentionally identified

9

Jetro Wholesale as the owner of the money on the invoice the day <u>after</u> the case against Pruitt had been dismissed. Sgt. Johnny Wong reviewed and approved the invoice;

65. Then Pruitt presented the invoice to Sgt. Johnny Wong at the 69th Precinct along with a Kings County District Attorney's release for the money because the case against him was been dismissed. In response, Sgt. Johnny Wong told Mr. Pruitt that there was a mistake where Jetro is listed as "owner" and that Police Officer Smith will have to correct the error before they will release the money to him. Sgt. Johnny Wong told Pruitt when Smith would be available: Pruitt then went to the precinct at those times, yet Smith was never available.

66. After Pruitt went to the precinct on at least five different occasions with the invoice and release, Wong and Smith conspired with Jetro Wholesale to get the money.

67. Evidence of the conspiracy are the facts: In the regular course of a criminal prosecution Jetro Wholesale would not have been given an invoice for property found on Pruitt. As far as Jetro was concerned, the case against Pruitt had been dismissed because the victim Lotin Sherer never identified Pruitt. So they would have no money to claim because the money found on Pruitt was not theirs;

68. Accordingly, Jetro Wholesale would never have known to get the NYPD invoice from the 69th Precinct and take it to the Kings County District Attorney's Property Clerk's office to obtain the release. Jetro Wholesale had no reason to ask for it, so Police Officer Terrence Smith and Sgt. Johnny Wong must have made them aware of the incorrect invoice and the opportunity to exploit it.

69. A Grand Jury could not indict plaintiff.

70. Plaintiff spent five days in jail after the arrest because he could not post bail in order to

be released.

71. Defendants' conduct deprived plaintiff of his right to due process of law pursuant to the Fourteenth Amendment of the United States Constitution.

72. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983.

73. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged in the sum of One Hundred Fifty Thousand ($150,000) Dollars.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY**

74. Paragraphs one through 53 are here incorporated by reference.

75. Defendants maintain a practice or custom of assuming that the large amounts of money found on defendants when arrested belongs to the alleged victim and giving defendants the run around when they try to retrieve large sums of money, rightfully theirs, from precincts instead of performing ministerial acts to correct paperwork and release large sums of money to "criminal" defendants. The City was on notice of this practice or custom as evidenced by the NYPD Internal Affairs Investigation, intervention of the Council Member's Office and the responses thereto by the District Attorney's Office Supervisor and the Lieutenant from the NYPD Legal Bureau;

76. Sgt. Johnny Wong is a final policy maker as it relates to approving Police Officer's vouchers; as he was on invoice #3000446029 which allowed the seizure of plaintiff's property.

77. This practice or custom and decision by a final policy maker caused plaintiff to suffer the denial of his constitutional rights guaranteed by the 4th and 14th amendments to the

United States Constitution.

78. Defendants New York City and the Captain are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown because they knew, or should have known, of this practice and custom (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board). Despite such notice, the City has failed to take corrective action. This failure caused defendants in the present case to violate plaintiff's civil rights.

79. Plaintiff's constitutional rights have been denied and he has been damaged as a result of defendants' practice & custom and decision by a final policy maker.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

  A. an order awarding compensatory damages in an amount to be determined at trial;

  B. an order awarding punitive damages in an amount to be determined at trial;

  C. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

  D. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
August 31, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/S/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020