**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

**RONALD PRUITT,**

Plaintiff,

-against-

**THE CITY OF NEW YORK,**
**POLICE OFFICER WILDOR SAINTVAL,**
**POLICE OFFICER TERRENCE SMITH,**
**SGT. JOHNNY WONG, AND JOHN DOE ##1-6,**

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, WONG, SMITH, SAINT VAL**

15-CV-4534 (LDH) (SMG)

**<u>JURY TRIAL DEMANDED</u>**

Defendants, City of New York, Sergeant Johnny Wong, and Police Officers Terrence Smith and Wildor Saint Val, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to plaintiff's Amended Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit only that plaintiff purports to bring this action as stated therein.

2. Deny the allegation set forth in paragraph "2" of the Amended Complaint and further state that the allegations concerning "under color of state law" are legal conclusions to which no response is required.

3. Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit only that plaintiff purports to seek relief as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit only that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit only that plaintiff purports to base venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except state that Sergeant Johnny Wong, Police Officer Terrence Smith, and Police Officer Wildor Saint Val are employed by the New York City Police Department ("N.Y.P.D.") and that plaintiff purports to sue them as stated therein.

9. Deny the allegation set forth in paragraph "9" of the Amended Complaint and further state that the allegations concerning "under color of state law" are legal conclusions to which no response is required.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except state that, upon information and belief, Lotin Sherer and Jetro Wholesale were the victims of a robbery committed on October 24, 2014.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except state that after the robbery, and upon information and belief, Lotin Sherer got into a police vehicle with Sergeant Johnny Wong and Police Officers Terrence Smith and Wilder Saint Val.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, except state that plaintiff and Abasie Brabam were inside a vehicle that was stopped by police.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that plaintiff was charged with robbery.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that plaintiff was charged with robbery.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint except state that Plaintiff's arrest was based on probable cause.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "18" of the Amended Complaint, except state that plaintiff was arraigned.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, and refer the Court to the certificate of disposition of the criminal case for a complete statement of the resolution of the criminal charges.

20. Deny the allegation set forth in paragraph "20" of the Amended Complaint, except state that evidence was vouchered.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint, and refer the Court to the invoice for a complete statement of its contents.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint, except state that plaintiff filed a purported Amended Complaint with the Civilian Complaint Review Board.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint, except admit that Sergeant Denny Inirio interviewed plaintiff.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint and its individual subparts "a" through "e."

33. In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Paragraph "39" of the Amended Complaint is a legal conclusion to which no response is required. If a response is required, however, paragraph "39" of the Amended Complaint is denied.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. In response to the allegations set forth in paragraph "45" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint, except state that plaintiff was charged.

53. Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint, except state that plaintiff's charges were dismissed.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57. In response to the allegations set forth in paragraph "57" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61. In response to the allegations set forth in paragraph "61" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

62. Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Amended Complaint.

67. Deny the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint, except state that a grand jury did not indict plaintiff.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72. Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74. In response to the allegations set forth in paragraph "74" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78. Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

80. The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

81. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of defendants, the City of New York, Sergeant Johnny Wong, Police Officer Terrence Smith, or Police Officer Wildor Saint Val.

**THIRD AFFIRMATIVE DEFENSE:**

82. Plaintiff provoked any incident.

**FOURTH AFFIRMATIVE DEFENSE:**

83. Defendants City of New York, Sergeant Johnny Wong, Police Officer Terrence Smith, and Police Officer Wildor Saint Val have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FIFTH AFFIRMATIVE DEFENSE:**

84. There was probable cause for plaintiff's arrest, detention, and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

85. At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**SEVENTH AFFIRMATIVE DEFENSE:**

86. Punitive damages cannot be assessed against defendant City of New York.

**EIGHTH AFFIRMATIVE DEFENSE:**

87. Plaintiff has failed to mitigate his alleged damages.

**NINTH AFFIRMATIVE DEFENSE:**

88. City of New York, Sergeant Johnny Wong, Police Officer Terrence Smith, and Police Officer Wildor Saint Val have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**TENTH AFFIRMATIVE DEFENSE:**

89. At all times relevant to the acts alleged in the Amended Complaint, defendants Sergeant Johnny Wong, Police Officer Terrence Smith, or Police Officer Wildor Saint Val acted reasonably and within the proper and lawful exercise of their discretion.

**ELEVENTH AFFIRMATIVE DEFENSE:**

90. Plaintiff's signed a settlement agreement and executed a General Release on or about December 1, 2014 that bars his claims against all Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE:**

91. Plaintiff's claims against Defendants are barred by the doctrine of accord and satisfaction.

**WHEREFORE**, defendants, the City of New York, Sergeant Johnny Wong, and Police Officers Terrence Smith and Wildor Saint Val request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 20, 2016

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York, Sergeant Johnny Wong, Police Officer Terrence Smith, and Police Officer Wildor Saint Val*
100 Church Street, Room 3-126
New York, New York 10007
(212) 356-2336

By: ______/s/____________
JORGE M. MARQUEZ
Assistant Corporation Counsel

TO: VIA ECF
Jessica S. Massimi
The Law Offices of Michael S. Lamonsoff PLLC
32 Old Slip
New York, NY 10005
Email: jessicamassimi@msllegal.com

10

Index No. 15 CV 4534 (LDH) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONALD PRUITT

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

**ANSWER TO AMENDED COMPLAINT**

***ZACAHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants the City of New York Sergeant Johnny Wong, Police Officers Terrence Smith and Wildor Saint Val*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jorge Marquez*
*Tel: (212) 356-2336*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................, *2016*.…..

................................................................................ *Esq.*

*Attorney for*....................................................................